**SO ORDERED.**

**SIGNED this 24 day of May, 2011.**

_____

**Randy D. Doub**
**United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## RALEIGH DIVISION

**IN RE:**

**SPARTAN HOLDING COMPANY, INC.**              **CHAPTER 11**
                                               **CASE NO. 11-02355-8-RDD**
        **DEBTOR**

### ORDER GRANTING MOTION TO TRANSFER VENUE

Pending before the Court is the Motion to Transfer Case Outside District filed by the Bankruptcy Administrator on April 7, 2011, the Response in Support of the Motion to Transfer Case Outside District filed by Macon Bank on May 2, 2011 and the Objection to the Motion to Transfer Case Outside District filed by Spartan Holding Company, Inc. (the "Debtor") on April 27, 2011. A hearing took place in Wilson, North Carolina on May 5, 2011.

Spartan Holding Company, Inc. filed a petition for relief under Chapter 11 of the Bankruptcy Code on March 28, 2011. The Bankruptcy Administrator contends, that venue in the Eastern District of North Carolina is improper and that the petition should have been filed in the Western District of North Carolina. The motion seeks either dismissal or transfer of venue.

The Debtor's petition lists its address as 211 E. Six Forks Rd. Suite 204, Raleigh, NC 27609. Raleigh is located in the Eastern District of North Carolina. However, the first page of the petition also indicates that the principal assets of the Debtor are located in Henderson County, NC which is

in the Western District of North Carolina.  The Bankruptcy Administrator contends that venue is improper in the Eastern District pursuant to 28 U.S.C. § 1408, and that the case must be transferred or dismissed.  If venue is proper, the Bankruptcy Administrator maintains the case should nonetheless be transferred for the convenience of the parties.

Title 28 section 1408 provides, in relevant part:

> Except as provided in section 1410 of this title, a case under title 11 may be commenced in the district court for the district–
>> (1) in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding such commencement, or for a longer portion of such one-hundred-and-eighty-day period than the domicile, residence, or principal place of business, in the United States, or principal assets in the United States, of such person were located in any other district[.]

28 U.S.C. § 1408.

It is undisputed that the Debtor's principal assets are located in the Western District of North Carolina.  The Debtor's schedules list three pieces of real property with the total current value listed at $734,400.00.  The properties consist of a car wash building, commercial buildings and a condominium all of which are located in the Western District of North Carolina.  The Debtor's schedules list no personal property.  The Debtor maintains that on July 9, 2010, it changed its principal office with the North Carolina Secretary of State's Office from 1875 Spartanburg Hwy. Hendersonville, NC 28792 to 211 E. Six Forks, Suite 204, Raleigh, NC 27609.  Therefore, the Debtor argues that its principal office was located in the Eastern District of North Carolina within the 180 day period preceding the petition date.  The Debtor's address as listed on the petition is the same business address as Jack B. Styles, attorney for the Debtor.  Ralph Ledford is the sole shareholder and president of the Debtor.  Mr. Ledford resides in Charleston, South Carolina. Debtor's counsel acknowledged that Mr. Ledford spends little time in North Carolina and that the

Debtor's only business activities conducted in the Eastern District of North Carolina, were activities related to legal matters.

Macon Bank is the largest secured creditor of the Debtor and filed a proof of claim in the amount of $1,364,676.21. Macon Bank is located in Franklin, North Carolina in the Western District of North Carolina.

The Debtor's principal assets are located in the Western District of North Carolina. Therefore, pursuant to 28 U.S.C. § 1408, venue in the Eastern District of North Carolina is improper. Other than the address where the debtor receives legal notices, the debtor has no connection, assets or other business dealings in the Eastern District of North Carolina. The Debtor argues that because its principal office changed to the Eastern District of North Carolina, venue is proper. However, the principal office is not the same as the principal place of business as is required in 28 U.S.C. § 1408. Therefore, the Court finds that venue in the Eastern District of North Carolina is improper.

Having determined that venue is improper, the court next turns to the question of whether the case should be transferred pursuant to 28 U.S.C. § 1412[1] or dismissed pursuant to Bankruptcy Rule 1014(a)(2).[2] The moving parties bear the burden of showing by a preponderance of the evidence that the interests of justice or the convenience of the parties would be served by a transfer of this case. Mid Atlantic, 2008 WL 612287 at *3 (citing In re Industrial Pollution Control, 137 B.R. 176, 181 (Bankr. W.D. Pa. 1992)). If the court determines venue is improper then retention

---

[1] Section 1412 provides, "A district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties."

[2] Bankruptcy Rule 1014(a)(2) provides, "[i]f a petition is filed in an improper district, on timely motion of a party in interest and after hearing on notice the petitioners and other entities as directed by the court, the case may be dismissed or transferred to any other district if the court determines that transfer is in the interest of justice or convenience of the parties."

of the case is not proper.  <u>Micci v. Bank of New Haven</u>, 188 B.R. 697, 700 (Bankr. S.D.Fl. 1995).

The factors to be considered in determining the convenience of the parties are:

> (1) the proximity of creditors of every kind to the court;
> (2) the proximity of the debtor to the court;
> (3) the proximity of the witnesses necessary to the administration of the estate;
> (4) the location of the assets;
> (5) the economic administration of the estate; and
> (6) the necessity for ancillary administration if a liquidation should occur.

<u>Mid Atlantic</u>, 2008 WL 612287 at *3 (citing <u>In re Commonwealth Oil Refining Co.</u>, 596 F.2d 1239, 1247 (5th Cir. 1979)).

The first factor is the proximity of creditors to the court.  The primary secured creditor, Macon Bank is located in the Western District of North Carolina and is represented by an attorney located in Asheville, North Carolina.  Macon Bank supports the motion to transfer venue.  The three tax creditors are located in the Western District of North Carolina. Schedule F lists 2 creditors with addresses in the Western District of North Carolina.  As of the date of this order, the claims register contains 4 claims.  All four creditors are in the Western District.  This factor weights in favor of transferring the case to the Western District of North Carolina.

The second factor is proximity of the Debtor to the court.  Mr. Ledford, the Debtor's sole shareholder and president resides in Charleston, South Carolina.  Based upon the representation of counsel it does not appear that Mr. Ledford chose the Eastern District as a preferred venue based on its proximity. Instead, the attorney for the Debtor represented that Mr. Ledford was his brother-in-law and that the Debtor was not currently able to afford local counsel in the Western District of North Carolina.

The third factor is the proximity of witnesses necessary to the administration of the estate. Agents of the Debtor engaged in operating the Debtor's real estate rental business are located in the

Western District.  However, the Debtor states the agents are neither executives nor decision makers of the Debtor.  Other than Mr. Ledford and the Debtor's agents, there is no evidence of the location of other witnesses necessary to the administration of the estate.

The fourth factor is the location of assets.  The petition and schedules reveal all of the Debtor's assets are located in the Western District.  Therefore, this factor weighs in favor of transferring the case to the Western District.

The fifth factor is the economic administration of the estate.  The Debtor has a pending motion to convert its case from one under Chapter 11 to one under Chapter 7.  The Debtor generates all of its revenue in the Western District. A trustee or Bankruptcy Administrator located in the Western District would be able to efficiently and economically administer the estate.

The sixth factor is the necessity for ancillary administration if a liquidation should occur.  Because the principal assets are located in the Western District, the assets would be more efficiently administered by a trustee in the Western District.  This factor weighs in favor of transferring the case to the Western District.

Considering all the factors enumerated in 28 U.S.C. § 1412, the interest of this estate will best be served by transferring this case to the Western District of North Carolina.  Further, neither party seeks dismissal for lack of venue.  Therefore, the case will be transferred to the Western District of North Carolina.  The motion to transfer venue to the Western District of North Carolina is **GRANTED**.

**SO ORDERED**.

**END OF DOCUMENT**
